CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 5 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHANN CAMPBELL, ) | |
| Petitioner, ) | Civil Action No. 7:06CV00213 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TERRY O'BRIEN, WARDEN, ) | By: Hon. Glen E. Conrad |
| Respondent. ) | United States District Judge |

The petitioner, Johann Campbell, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Campbell challenges the legality of his confinement in the special housing unit at United States Penitentiary (USP) - Lee in Jonesville, Virginia. Having reviewed Campbell's allegations, the court concludes that he has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the petition.[1]

## Background

Campbell executed the instant petition on April 9, 2006. He alleges that he has been housed in the special housing unit since April 5, 2006. On that date, Campbell was approached by Warden O'Brien. During their conversation, the warden accidentally spit on Campbell's meal tray. When Campbell expressed disgust, the warden ordered Campbell to the special housing unit. Campbell alleges that his due process rights were violated as a result of being placed in the special housing unit without some evidence that he violated a rule or regulation.

## Discussion

In order to prevail on a procedural due process claim, "inmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120

---

[1] The court notes that because the petitioner's allegations relate to the conditions of his confinement, as opposed to the fact or duration of his confinement, the petition may be more appropriately construed as a civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). However, regardless of how the petition is construed, the court concludes that the petitioner has failed to state a claim upon which relief may be granted.

F.3d 500, 503 (4th Cir. 1997). A prison disciplinary action implicates a liberty interest requiring due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[2] Sandin v. Conner, 414 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997).

Having reviewed Campbell's allegations, the court concludes that he has failed to allege sufficient facts to establish that his confinement in the special housing unit poses an atypical and significant hardship in relation to ordinary prison life. See Id. at 504-505. As a result, Campbell does not possess a liberty interest in avoiding confinement in the special housing unit, and he is not entitled to due process protections.

For the reasons stated, the petition must be dismissed for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This _25th_ day of April, 2006.

_/s/ Jackson Kiser_
United States District Judge

---

[2] The court notes that although Sandin addressed the constitutional rights of state inmates, the Supreme Court's analysis of liberty interests has been applied to due process claims filed by federal inmates as well. See Ajaj v. Smith, 108 Fed. Appx. 743, 744 (4th Cir. 2001) (unpublished); Farmer v. Hambrick, 1998 U.S. App. LEXIS 14971 (4th Cir. 1998) (unpublished); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995); Crowder v. True, 74 F.3d 812, 814-15 (7th Cir. 1995).